DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PIERRE WOODLAND MEADOWS, LLC,** d/b/a **THE OSPREY,**
Appellant,

v.

**KAC 2021-1 LLC,** as assignee to **IREGENA PERCENTIE,**
Appellee.

No. 4D2023-1712

[January 24, 2024]

Appeal of a nonfinal order from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Sara Alijewicz, Judge; L.T. Case No. 50-2023-SC-006092-XXXX-WB.

Joshua R. Kon and Samuel Sachs of Stok Kon + Braverman, Fort Lauderdale, for appellant.

Brian Keith Korte of Korte & Associates, LLC, Singer Island, for appellee.

PER CURIAM.

We reverse the order denying the appellant landlord's motion to transfer venue.

Appellee, as the tenant's assignee, filed this action for return of the security deposit in Palm Beach County, where Appellee has its office. The landlord has established that the proper venue is in Broward County, where the cause of action accrued, where the apartment at issue is located, where the lease contract was entered, and where the lease required service of notices and payments. § 47.011, Fla. Stat. (2022); *see also* Fla. Sm. Cl. R. 7.060(a).

Appellee's argument, that its filing of a notice of change of address in the separate Broward County eviction case sufficed to change the location for mailing a notice of claim against the security deposit, has no merit. The notice of address change was never served on the landlord at the address required by the lease. After the notice was filed, the tenant acted pro se and settled with the landlord. The tenant then breached her

settlement, resulting in a withdrawal of all defenses and an eviction judgment. Upon vacating the premises, the tenant failed to properly notify the landlord of her new forwarding address as required by the lease and section 83.49(5), Florida Statutes (2022). The landlord properly served its notice of claim against the security deposit at the tenant's "last known mailing address." § 83.49(3)(a), Fla. Stat. (2022).

We affirm as to Appellee's other arguments without further discussion and remand with directions to grant the motion and transfer this matter to Broward County.

*Reversed and remanded.*

KLINGENSMITH, C.J., CONNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***